IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RALPH EMERSON MILLER,

    Plaintiff,

vs.

JOSH BARNS, TANNER CRISP, SHELBY RIDENOR, DOUGLAS L. STACK, Att.; GEORGE G. VINTON, and TONY CORBIN,

    Defendants.

4:24CV3136

MEMORANDUM AND ORDER

    This matter is before the Court on Plaintiff's Amended Complaint. Filing No. 5. Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis ("IFP"). *See* Filing No. 6. The Court will now conduct an initial review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

    The entirety of Plaintiff's Statement of Claim states: "Josh Barns, Tanner Crisp, Shelby Ridenor Village Board voted to place lean [sic] on property protected by a valid land patent Robert Stack [and] George Vinton as attorneys told then land patent is not valid. Toney Corbin, tresspasing [sic]." Filing No. 5 at 5. Plaintiff claims it is a felony to file a lien on property protected by a valid land patent. *Id*. Plaintiff alleges that he has "informed everyone involved they need to call and get [his] permission to come on to [his] land." *Id*.

    Plaintiff attached a copy of a "Resolution of the Chairman and Board of Trustees of the Village of Mullen, Hooker County, Nebraska Assessing Costs

of Abatement of Nuisances in the Villages." *See id.* at 7-8 (the "Resolution"). The Resolution states that the Village of Mullen affected an abatement of nuisances on property within the Village, and that the Village submitted the costs of the abatement to the last known owners of the property. *Id.* at 7. Because the owners failed to pay the cost of the abatement, the Resolution levied the costs of the abatement on the property. *Id.*

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the

essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III.  DISCUSSION

As an initial matter, the Complaint fails to meet the minimum pleading standard in Federal Rule of Civil Procedure 8, which requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff's Complaint contains few facts supporting any legally cognizable claim and thus fails to give the defendant fair notice of what the claim is. Plaintiff does not describe the land or allege that he has an ownership interest in the land subject to the Resolution. The Complaint does not meet Rule 8's minimum pleading standard.

Construed liberally, the Complaint appears to argue that it is illegal to put a lien on property protected by a federal land patent. However, "[a] land patent is the 'equivalent to fee simple ownership,' which means that land acquired by patent is subject to regulation and tax like any other private property." *Gregerson v. State of Wisconsin*, No. 15-CV-549, 2016 WL 5794811, at *2 (W.D. Wis. Oct. 4, 2016) (quoting *Van Zelst v. Comm. Internal Rev.*, 100

F.3d 1259, 1261 (7th Cir. 1996)) (internal citation omitted). "[O]nce federal land is sold to a private person the land is subject to ad valorem property taxation as part of the general mass of property in the state." *Robberts v. Northville Township*, 22 F. App'x 527, 528 (6th Cir. 2001) (listing cases). Even if certain types of property may be exempt from liens or taxation, the Complaint fails to allege any facts to suggest the property at issue here was exempt from local property law. *See Mothershed v. Land*, No. 4:19CV00167, 2020 WL 3546887, at *2 (E.D. Ark. June 30, 2020) ("[T]he transfer of property through a federal land patent does not exempt it from either tax or property laws.").

## IV.  CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted and is subject to pre-service dismissal under 28 U.S.C. § 1915(e)(2). However, the Court on its own motion will give Plaintiff 30 days to file an amended complaint that states a plausible claim for relief.  Otherwise, this action will be dismissed.  If Plaintiff chooses to amend his Complaint, he should be mindful to allege facts supporting his claim that that he owns the property at issue and that the property at issue is exempt from the Resolution.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order.  Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.  Plaintiff should be mindful to allege facts supporting his claim that that he owns the property at issue and that the property at issue is exempt from local property law.  In his amended complaint, Plaintiff must comply with federal pleading requirements. To that end, Plaintiff may use the enclosed form civil complaint if he so chooses.

4

2.  In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Amended Complaint, Filing No. 5, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3.  The Court reserves the right to conduct further review of Plaintiff's claims in the event he files an amended complaint.

4.  The Clerk of the Court is directed to send to Plaintiff the Pro Se 1 Form Complaint for a Civil Case.

5.  The Clerk of the Court is directed to set a pro se case management deadline using the following text: **August 1, 2025**: amended complaint due.

Dated this 2nd day of July, 2025.

BY THE COURT:

*[signature: John M. Gerrard]*

John M. Gerrard
Senior United States District Judge

5